William PATMON, Plaintiff–Appellant,

v.

Philip PARKER, Warden,
et al., Defendants,

Mary Chandler, Correctional Officer; Dennis Galusha, Lieutenant; Tinsley Newman, Sergeant; Deland Payne, Officer; Carlton Worley, Officer; Lawrence Newsome, Officer; Darrell Fox, Officer; David Crouse, Officer; Lanny Wynn, Officer; Jason Landreth, Officer, Defendants–Appellees.

No. 99–6317.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2001.

relief is moot. *See Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996).

Before MARTIN, Chief Judge; SUHRHEINRICH, Circuit Judge; and OLIVER, District Judge.*

William Patmon, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Patmon sued multiple prison officials. Patmon alleged that on May 7, 1998, inmate Roy Lefler attacked and stabbed him with a knife. Patmon stated that the defendants violated his Eighth Amendment rights by reporting to the scene of the assault without weapons and by failing to place themselves between him and Lefler's knife. Patmon also stated that defendant Chandler violated his rights by failing to discharge her weapon after being ordered to do so. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the defendants.

In his timely appeal, Patmon argues that the district court erred in granting summary judgment for the defendants as genuine issues of material fact existed, that defendants' motion for summary judgment should have been stayed so that he could have engaged in discovery, that he should have been appointed counsel, that he was improperly denied his request for a weapons expert, and that he was denied his right of the notice requirements of Fed. R.Civ.P. 56.

The district court's grant of summary judgment is reviewed de novo. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997).

■ Upon review, we conclude that the defendants were entitled to summary judgment. Patmon feels that the defendants violated his Eighth Amendment rights because they responded to the fight scene without weapons. Further, defendant Chapman failed to discharge her weapon after being ordered to do so. In *Farmer v. Brennan*, 511 U.S. 825, 844–45, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the Court stated that a prison officer's duty under the Eighth Amendment is to ensure "reasonable safety," which is a standard that incorporates due regard for a prison official's unenviable task of keeping dangerous men in safe custody under humane conditions. Prison officials who act reasonably cannot be found liable under the Eighth Amendment. *Id.*

■ Although Patmon believes that the guards should have placed themselves between him and Lefler, prison guards have no constitutional duty to intervene in an armed assault by an inmate when the intervention would place the guard in danger of physical harm. *See Winfield v. Bass*, 106 F.3d 525, 532 (4th Cir.1997); *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir.1995). The facts establish that the defendants responded to the site of the altercation between Patmon and Lefler as soon as the radio call was made. They ordered Lefler to disarm himself. When Patmon fell, he was removed from the scene. When Lefler dropped his weapon, he was taken into custody. Under *Farmer*, the defendants' actions were reasonable. The defendants secured the area and removed Patmon without harm to

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

themselves or other inmates. The argument is meritless.

Patmon argues that genuine issues of fact prevent the grant of summary judgment. Patmon's position is actually a dispute of law, rather than fact. Patmon's position is that the actions by the defendants were unreasonable. However, *Farmer* and *Winfield* make it clear that the defendants did not violate Patmon's Eighth Amendment rights. The argument is without merit.

Patmon feels that the district court abused its discretion in handling the process of discovery. Patmon states that a gun expert should have been appointed to see if Chandler's gun had malfunctioned. Whether or not the gun jammed is of no consequence. The guards acted reasonably in handling the situation and no Eighth Amendment violation occurred.

Patmon also asserts that he should have been appointed counsel. There is no constitutional right to counsel in civil cases. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir.1993). Therefore, the district court did not err in denying Patmon's motion for appointed counsel.

Finally, Patmon asserts that he should have been warned by the magistrate judge of the consequences of defendants' motion for summary judgment. Patmon was notified under *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), that his failure to object to the magistrate judge's report would result in a waiver of his arguments on appeal. As Patmon received all the warnings he was entitled to receive, the argument is meritless.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.