United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————

No. 03-41088

————

JOSHUA RIOS; MARY CANALES,

Plaintiffs-Appellants,

versus

DOYLE WAYNE SCOTT, Etc; ET AL;

Defendants.

DOYLE WAYNE SCOTT, Individually and In His Official Capacity as Executive Director of the Texas Department of Criminal Justice; GARY JOHNSON, Individually and In His Official Capacity as Executive Director of the Texas Department of Criminal Justice; JANE CATHERINE COCKRELL, Individually and In Her Official Capacity as Director of the Texas Department of Criminal Justice; LESLIE WOODS, Individually and In His Official Capacity as Region II Director of the Texas Department of Criminal Justice; ROY A GARCIA, Individually and In His Official Capacity as Senior Warden of the Coffield Unit of The Institutional Division of the Texas Department of Criminal Justice; PATTI SIPPEL

Defendants-Appellees

Appeal from the United States District Court
For the Eastern District of Texas
USDC No.  6:02-CV-413

Before KING, Chief Judge, and REAVLEY and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Joshua Rios and Mary Canales ("the Relatives") appeal from the district court's grant of summary judgment based on qualified immunity. They filed suit under 28 U.S.C. § 1983 and state law against the defendants, Patti Sippel, a correctional officer at the prison where their relative Rolando Rios ("Rios") was incarcerated, and several supervisory officials. The Relatives alleged that Sippel and the supervisory officials violated Rios's Fourth, Fifth, Eighth, and Fourteenth amendment rights when they failed to protect Rios from lethal attack by a fellow prisoner. The district court adopted the findings and conclusions of the magistrate judge and granted the defendants' summary judgment motion as to the federal claims, finding that the defendants were entitled to qualified immunity. We agree and affirm the district court decision.

Rios was stabbed to death by fellow inmate Antonio Lara while they were confined in administrative segregation. Rios, a confirmed gang member, was handcuffed and being escorted back to his cell after a shower by Officer Patti Sippel. Lara, a suspected gang member at the time of the attack, broke out of his cell and stabbed Rios with a weapon. Officer Sippel, armed only with a baton, ran to get help. Rios died as a result of his stabbing wounds.

We review the district court's grant of a summary judgment motion *de novo*. *See Flock v. Scripto-Tokai Corp.,* 319 F.3d 231, 236 (5th Cir. 2003). A summary judgment motion is properly granted when, viewing the evidence in the light most favorable to the nonmovant, the record indicates that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When a defendant government official whose position involves the exercise of discretion moves for summary judgment based on qualified immunity, "it is the plaintiff's burden to demonstrate that all reasonable officers similarly situated would have then known that the alleged acts of the defendants violated the United States Constitution." *Thompson v. Upshur County, TX,* 245 F.3d 447, 459-60 (5th Cir. 2001).

Officer Sippel is entitled to qualified immunity because there is no clearly established constitutional right for an officer to immediately intervene when an armed inmate attacks another inmate, as the officer may need to call for backup or seek to avoid her own serious injury. *See e.g. Patmon v. Parker*, 3 Fed. Appx. 337 (6th Cir. 2001); *Winfield v. Bass*, 106 F.3d 525 (4th Cir. 1997); *Prosser v. Ross*, 70 F.3d 1005 (8th Cir. 1995); *Payne v. Collins*, 986 F.Supp. 1036 (E.D. Tex. June 25, 1997). Accordingly, the Relatives could not meet their burden to demonstrate that all reasonable officers similarly situated would have then known that the failure to intervene violated the Constitution. The district court correctly granted summary judgment in favor of Officer Sippel.

The supervisory officials are also entitled to qualified immunity because the Relatives have not shown that reasonable officials would know that the supervisory officials' conduct violated the Constitution. A prison official violates the Eighth Amendment only when that official is deliberately indifferent to the safety needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, there was no evidence that the supervisory officials were deliberately indifferent to inadequate staffing, cell searches, training or potential gang conflict. Accordingly the district court's grant of summary judgment in favor of the defendants is AFFIRMED.